IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-42414-TLS |
| | ) | |
| JAMES L. GABEL, | ) | CH. 12 |
| | ) | |
| Debtor. | ) | |

## ORDER

On January 7, 2009, this matter was presented to the Court on two motions:  (1) a Motion for Relief from Stay (Fil. #28) filed by Overland Sand & Gravel Co., successor-in-interest to Java, Inc. ("Lessor"), with a Resistance (Fil. #33) by Debtor; and (2) Debtor's Motion to Assume Lease or Executory Contract (Fil. #23) with the Lessor, and an Objection (Fil. #27) by the Lessor.  John C. Hahn appeared for Debtor, and Brian J. Koenig appeared for the Lessor.

The motions essentially pertain to the same issue.  Debtor is the lessee under a long-term lease for certain recreational real estate known as Lot 28 of Bucktail Lake Subdivision in Merrick County, Nebraska.  Debtor has apparently constructed a house or cabin on that lot, along with a carport.  Debtor desires to assume the lease as part of this Chapter 12 proceeding.

Lessor asserts that Debtor is in default for failing to pay two special assessments in the total amount of $2,392.92 levied by the lake association.  One assessment was for road construction (installing asphalt) and the other assessment for a water treatment project.  Further, the Lessor objects because Debtor failed to obtain architectural committee approval for the carport constructed on the lot. Accordingly, since Debtor is in default under the terms of the lease, the Lessor asserts that Debtor should not be allowed to assume the lease and further requests relief from the automatic stay to pursue state remedies.

Debtor's defense is that the lease only obligates Debtor to pay "special assessments" while requiring the Lessor to pay any annual assessments for maintenance expenses.  It is Debtor's belief that the items the lake association deems to be "special assessments" are really maintenance items that should be part of the annual maintenance assessments for which the Lessor is liable.

I disagree with Debtor.  The covenants of the Bucktail Lake Subdivision very clearly provide as follows:

> 6.      Assessments.
> . . .
> (d)      In addition to the annual assessments authorized above, the Association may levy in any assessment year, a special assessment applicable to that year only for the purpose of defraying in whole or in part, the cost of any construction, reconstruction, repair, replacement or improvement, or other expenditure determined to be necessary by the Board of Directors of the Association for the benefit of Lot Owners and that promotes the health; safety; welfare; or recreation of the Lot Owners and Association in the Common Area . . . .

Thus, the lake association clearly had authority to levy the special assessments for the asphalt road construction and for the water treatment. The lake association levied those assessments as special assessments. Under the terms of paragraph 3(d) of the lease, Debtor, as lessee, clearly agreed to pay the special assessments. Therefore, as the Lessee under the lease, Debtor is obligated to pay the special assessments. At the hearing, counsel for Debtor represented that Debtor would pay the past due amount upon a finding by this Court that the amounts owed do constitute special assessments.

As indicated, the Lessor also asserted that Debtor has failed to obtain architectural committee approval for a carport constructed on the leased lot. At the hearing, Debtor's counsel agreed that Debtor will take steps to obtain that approval. Therefore, since Debtor has represented he will cure the defaults under the lease, the Motion for Relief from Stay (Fil. #28) is denied, subject to the terms of this Order. By February 6, 2009, Debtor is ordered to pay in full the special assessments and to file all necessary paperwork for architectural committee approval for the carport improvements. If Debtor fails to do so by that date, Lessor may file an affidavit with this Court advising of Debtor's failure and relief from stay will then be granted.

Debtor's motion to assume lease or executory contract is more of a concern. It is unclear to this Court as to whether assumption of the lease is beneficial to the bankruptcy estate. Debtor's schedules identify the lease, but do not appear to identify the improvements constructed on the leased lot. It is also unclear whether Debtor owns the improvements on the leased lot. If so, the improvements should be described and valued in the schedules. Further, if there is any security interest in the leased lot and/or the improvements, that security interest should also be dislcosed in the schedules. Finally, Debtor has not yet filed a plan, so it is unclear how assumption of the lease will impact Debtor's cash flow and how the leased property will be treated under the Chapter 12 plan. Therefore, Debtor's Motion to Assume Lease (Fil. #23) is deferred and should be addressed in Debtor's plan. Further, Debtor is ordered to file amended schedules to make further disclosures regarding the leased lot and improvements.

IT IS, THEREFORE, ORDERED that:

1.      The Motion for Relief from Stay (Fil. # 28) is denied subject to the terms of this Order. By February 6, 2009, Debtor is ordered to pay in full the outstanding special assessments and to file all necessary paperwork for architectural committee approval for the carport improvements. If Debtor fails to do so by that date, the Lessor may file an affidavit with this Court advising of Debtor's failure and relief from stay will then be granted; and

2.      Debtor's Motion to Assume Lease or Executory Contract (Fil. #23) is deferred and should be addressed in Debtor's plan. Debtor is ordered to file amended schedules to make further disclosures regarding the leased lot and improvements.

DATED:  January 8, 2009.

                                        BY THE COURT:

                                        /s/ Thomas L. Saladino
                                        Chief Judge

Notice given by the Court to:
  *John C. Hahn
  *Brian J. Koenig
  James A. Overcash
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.